```
                              FILED
                    CLERK, U.S. DISTRICT COURT

                          OCT - 8 2013

                    CENTRAL DISTRICT OF CALIFORNIA
                    BY                     DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYSPRING INTERNATIONAL, a Virginia nonprofit corporation, <br><br> Plaintiff, <br><br> v. <br><br> LASER PACIFIC, LLC (d/b/a LASER PACIFIC MEDIA CORPORATION), a Delaware LLC, and TECHNICOLOR, INC., a Delaware corporation. <br><br> Defendants. | CASE NO. CV12-10457 DSF(Ex) <br><br> *[HON. DALE S. FISCHER]* <br><br> [~~PROPOSED~~] PROTECTIVE ORDER <br><br><br> Complaint Filed: December 6, 2012 |

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits attached thereto, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil

Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a), and Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests, including information which the producing party in good faith regards as a trade secret under Cal. Civ. Code § 3426, *et seq.* (West 2013), including confidential business information, listing of names, addresses or telephone numbers, confidential research, development or commercial information, or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), or which is competitively sensitive to the producing party or competitively useful to the receiving party, including but not limited to, customer or vendor information, financial information, financial statements, lease information, financing information, guarantee information, personnel files, pricing information, research, development or technical information, source code, marketing information, or contractual information, or which implicates privacy interests of the producing party. CONFIDENTIAL information may be designated as such by the producing party, and shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

Case 2:12-cv-10457-DSF-E   Document 58   Filed 10/08/13   Page 3 of 5   Page ID #:409
Case 2:12-cv-10457-DSF-E   Document 57-1   Filed 10/08/13   Page 3 of 5   Page ID #:404

(c) designated representatives of the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. A producing party may also seek to restrict the disclosure of particularly sensitive information beyond that permitted in paragraph 4, above, by designating the information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information as provided above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL –

3
[PROPOSED] PROTECTIVE ORDER

ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

10. FILING OF MATERIAL DESIGNATED CONFIDENTIAL: In compliance with paragraph 6 of the Court's Standing Order, if a party wishes to file a document that has been designated confidential by another party, the submitting party must give any designating party five calendar days' notice of intent to file. If the designating party objects, it should notify the submitting party and file an application to file documents under seal within two court days. If the Court grants an application to file documents under seal, the Court's mandatory paper chambers copies must include a complete version of the documents with an appropriate notation identifying the document or the portion of the document that has been filed under seal.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be returned to the party that designated it as such, or the parties may elect to destroy CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this _8th_ day of _October_, 2013.

IT IS SO ORDERED.

The Honorable Charles F. Eick
United States District Magistrate Judge